IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARIA F. WALLACE | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0284-N-BD |
| | § | |
| LIBERTY MUTUAL, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Maria F. Wallace against Liberty Mutual Insurance Company, the Texas Department of Insurance, and various individuals affiliated with those entities. On February 15, 2011, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff filed an amended complaint and answered the interrogatories on March 15, 2011. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher her pleadings, plaintiff appears to allege that she was improperly denied worker's compensation benefits based on false information. (*See* Mag. J. Interrog. #1(b) & 2). Specifically, plaintiff contends that Liberty Mutual, through its claims adjuster, falsely stated that she was not injured in the course of her employment with Neiman Marcus. (*See id.*). Plaintiff also accuses an ombudsman with the Texas Department of Insurance of placing an incorrect date on her request for a benefits review. (*Id.*). As a result of this conduct, plaintiff seeks $100,000 in damages. (*See* Mag. J. Interrog. #1(a); Plf. Am. Compl. at 1).

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to state a cognizable claim arising under federal law. In her complaint and interrogatory answers, plaintiff attempts to assert claims for the criminal offenses of perjury, subornation of perjury, and obstruction of justice. (*See* Plf. Compl. at 1; Mag. J. Interrog. #1(a)). However, "federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring

that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Not only has plaintiff failed to adequately plead a violation of any federal criminal statute, but she cannot maintain a private right of action as a result of any such violation. *Id.*, *quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

Nor has plaintiff stated any other claim arising under federal law. Although plaintiff believes that "this case is classified under the category of a civil rights case," (*see* Mag. J. Interrog. #2), she fails to allege any facts to support such a claim. The conclusory assertion that her civil rights were violated does not give rise to federal subject matter jurisdiction. To the extent plaintiff attempts to sue for the wrongful denial of worker's compensation benefits, (*see id.*), such a claim arises only under Texas law. *See Moore v. Zurich American Ins. Co.*, No. 3-03-CV-1336-K, 2003 WL 21673532 at *1 & n.1 (N.D. Tex. Jul. 15, 2003), *rec. adopted* (N.D. Tex. Jul. 31, 2003), *citing* TEX. LAB. CODE ANN. § 410.251, *et seq.* (Vernon 2003).

Finally, it is apparent from the face of the complaint and interrogatory answers that plaintiff and at least two defendants -- the Texas Department of Insurance and its ombudsman -- are citizens of Texas. (*See* Mag. J. Interrog. #3(b)). Thus, there is no basis for federal diversity jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE